

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LONNIE KADE WELSH,<br>Institutional ID No. 6516607,<br><br>Plaintiff,<br><br>v.<br><br>CORRECT CARE, LLC, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:17-CV-095-BQ |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**I.     Discussion**

Before the Court is pro se Plaintiff Lonnie Kade Welsh's "Certificate to certify an order for appeal."[1] ECF No. 74. Welsh asks this Court to certify for appeal its interlocutory order denying Welsh's request to appoint an expert under Federal Rule of Evidence 706. *See* ECF Nos. 66, 69.

A court may certify an interlocutory order for appeal only when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court denied Welsh's motion to appoint an expert in this matter pursuant to Federal Rule of Evidence 706 because there is no need for expert testimony at this time. ECF Nos. 66, 69. The Court is currently considering Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Welsh's Second Amended Complaint. ECF Nos. 55, 62.

---

[1] The Court liberally construes Welsh's filing as a motion.

1

## II. Recommendation

Because the Court's denial of Welsh's request to appoint an expert in this case does not involve a controlling question of law as to which there is substantial ground for difference of opinion, nor would an immediate appeal from the denial materially advance the ultimate termination of the litigation, the undersigned recommends that the United States District Court deny Welsh's "Certificate to certify an order for appeal." ECF No. 74.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 5, 2019

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE